IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Givens, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 15-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(jury demand)* |
| and Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff refiles 14-cv-1269 and, by counsel alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff John Givens is a disabled resident of the State of Illinois who requires a wheelchair to move from place to place. Givens has been incarcerated at the Cook County Jail from May of 2012 to the present time.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in their "January 2011 Inter-Agency Agreement," is responsible for accommodating the needs of disabled prisoners at the Cook County Jail and is a

necessary party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. When plaintiff entered the Jail in May of 2012, medical personnel employed by defendant Cook County recognized that plaintiff required a wheelchair to move from place to place and ordered that plaintiff be provided with a wheelchair and assigned to a housing unit capable of accommodating his disabilities.

6. Defendants have provided plaintiff with a wheelchair but have otherwise failed to assign plaintiff to a housing unit capable of accommodating his disabilities.

7. By failing to assign plaintiff to a housing unit capable of accommodating his disabilities, defendants have deprived plaintiff of rights secured by the ADA and the Rehabilitation Act and caused him great difficulty in engaging in a variety of everyday life activities, including using toilet facilities, showering, transferring to his assigned bed, and accessing the common area facilities.

8. Defendants deprived plaintiff of rights secured by the ADA and the Rehabilitation Act when, on many occasions, they required him to roll himself up an extremely steep and long ramp to attend court at the Leighton Courthouse and then held plaintiff in a detention cell that did not permit access to a toilet useable by a wheelchair dependent person.

9. Plaintiff incurred serious personal injuries in August of 2014 as a result of defendants' deliberate disregard of rights secured by the ADA and the Rehabilitation Act when, because of the absence of a functional shower chair, plaintiff fell in the shower and broke his wrist.

10. After plaintiff broke his wrist, medical personnel at the Jail concluded that plaintiff required treatment by an orthopedic surgeon.

11. At all times relevant:

    a. Defendants have applied an express policy requiring that persons requiring treatment by an orthopedic surgeon be transported from the Jail to Stroger Hospital, and

    b. Defendants had a widespread practice of failure to transport to Stroger Hospital detainees at the Jail who, like plaintiff, required treatment by an orthopedic surgeon.

12. Before August of 2014, when plaintiff broke his wrist, defendants knew that numerous persons requiring treatment by an orthopedic surgeon were not being promptly transported from the Jail to Stroger Hospital and would not be seen by an orthopedic surgeon until after the fracture had healed without having been properly set, thereby causing deformity and permanent damage.

13. Defendants turned a blind eye to their failure to provide detainees with treatment by an orthopedic surgeon and acted in deliberate indifference to clearly established rights of detainees in failing to correct this deficiency in health care.

14. As a result of the foregoing, plaintiff now had a deformed and permanently damaged wrist.

15. Plaintiff demands trial by jury.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900

Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for Plaintiff*